■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARK CARTER, Appellant. [825 NYS2d 830]—

Mercure, J. Appeal from an order of the County Court of Rensselaer County (Czajka, J.), entered November 7, 2005, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

Defendant was convicted, upon his plea of guilty, of sodomy in the third degree, a class E felony. In 2005, defendant appeared in County Court for a risk level determination pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C). The Board of Examiners of Sex Offenders had evaluated defendant and recommended that he be classified as a risk level III sex offender. This was based on a risk assessment score of 115 which placed defendant in the presumptive risk level III category. After County Court held a hearing, it adopted the Board's recommendation resulting in the instant appeal.

We affirm. Defendant challenges the sufficiency of County Court's statement of its factual findings and conclusions of law. As defendant asserts, the court was required to set forth "the findings of fact and conclusions of law on which the determination[ ] [was] based" (Correction Law § 168-n [3]). Contrary to defendant's assertions, however, County Court did comply with the statutory mandates. It cited to, among other things, the circumstances under which the crime had been committed, the circumstances under which certain counts of the indictment were dismissed, the statement made by defendant when he pleaded

guilty to the offense, as well as his conduct since the plea was entered and the Board's evaluation. While brief, it cannot be said that the court's findings constituted merely a "generic listing of factors . . . precluding meaningful appellate review" (*People v Miranda*, 24 AD3d 909, 911 [2005]; *cf. People v Sanchez*, 20 AD3d 693, 695 [2005]; *People v Lee*, 292 AD2d 639, 640 [2002]). Furthermore, we find that there was clear and convincing evidence to support the risk level classification and, therefore, it cannot be said that County Court abused its discretion in accepting the recommendation that defendant be classified as a risk level III sex offender (*see People v Barnett*, 32 AD3d 1132, 1133 [2006]; *People v Dickison*, 24 AD3d 980, 981 [2005], *lv denied* 6 NY3d 709 [2006]).

Cardona, P.J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.