■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND REID, Appellant. [872 NYS2d 452]—

Order, Supreme Court, New York County (Carol Berkman, J.), entered on or about July 25, 2007, which adjudicated defendant a level three sex offender and sexually violent offender pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), unanimously affirmed, without costs.

To the extent that the record permits review, we find that defendant received effective assistance of counsel at the SORA hearing notwithstanding counsel's failure to litigate any aspect of the adjudication. Although a sex offender adjudication is not part of a criminal action (People v Stevens, 91 NY2d 270, 277 [1998]), for present purposes we assume, without deciding, that the state and federal standards for effective assistance at a criminal trial (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]) would apply. However, given the differences between a SORA hearing and a criminal trial, we reject defendant's argument that

counsel's conduct was the functional equivalent of a guilty plea unconstitutionally entered by the attorney without the client's consent (*compare Brookhart v Janis*, 384 US 1 [1966]; *see also People v Costas*, 46 AD3d 475 [2007], *lv denied* 10 AD3d 716 [2008] [waiver of sex offender hearing does not require allocution of defendant]).

Counsel could have reasonably concluded that there was nothing to litigate at the hearing (*cf. People v DeFreitas*, 213 AD2d 96, 101 [1995], *lv denied* 86 NY2d 872 [1995] [in criminal trial context, "(c)ounsel may not be expected to create a defense when it does not exist"]). The record reveals that counsel, who was undoubtedly familiar with the case based upon his prior representation of defendant on the underlying conviction, had reviewed the case summary and the risk assessment instrument before the hearing, and had consulted with defendant about the assessment. Based upon the detailed justification provided in the case summary for the assessment and, in the absence of any evidence that defendant informed counsel that he disputed any factual details, there was no reason for counsel to challenge the assessment. Defendant's personal complaints at the hearing went to the validity of the underlying conviction, and not to the factual details provided in the case summary. Even, if as argued by defendant on appeal, counsel erred in failing to challenge the assessment of 10 points for the "Use of Violence" factor, this error would not have contributed to defendant's classification since he was assessed 155 points, well in excess of the 110 points required for a level three adjudication. Furthermore, removing the points for "Use of Violence" would not have affected defendant's adjudication as a sexually violent offender, which was based on the fact that his underlying conviction was for first-degree sodomy. Other than speculation, defendant does not now advance any basis for suspecting that additional point assessments may have been incorrect. Since the facts and circumstances described in the case summary did not remotely justify a request for a downward departure, counsel was not ineffective for not making such a request (*see People v Stultz*, 2 NY3d 277, 283-284 [2004]).

Defendants' arguments regarding prehearing discovery and the sufficiency of the court's findings are unpreserved and without merit. Concur—Gonzalez, J.P., Buckley, Catterson, McGuire and Acosta, JJ.