■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH G. McCLAM, Appellant. [880 NYS2d 432]—

Appeal from an order of the Ontario County Court (William F. Kocher, J.), entered January 25, 2008. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that County Court's determination with respect to the risk factor for drug or alcohol abuse is not supported by the requisite clear and convincing evidence (*see* § 168-n [3]). We reject that contention. An assessment of 15 points is warranted under that risk factor where "an offender has a substance abuse history or was abusing drugs and or alcohol at the time of the offense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006]), and here the record establishes that defendant had a history of drug and alcohol abuse, including several prior convictions for possession of marihuana. In addition, the present offense involved the purchase of alcohol for a minor and consumption of alcohol with that minor. As the People correctly concede, the court erred in assessing 15 points rather than five points under the risk factor for the number and nature of prior crimes and 10 points under the risk factor for the recency of prior felonies or sex crimes. After reducing the total risk factor score by the 20 points improperly assessed under those factors, however, we conclude that "defendant nevertheless is presumptively classified as a level [two] risk, and there are no mitigating circumstances to warrant a downward departure from the presumptive risk level" (*People v Harris*, 46 AD3d 1445, 1446 [2007], *lv denied* 10 NY3d 707 [2008]). Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.