# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**217**

**KA 09-01225**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

               V                           MEMORANDUM AND ORDER

ROGER L. HUEBER, DEFENDANT-APPELLANT.

---

MATTHEW E. BROOKS, LOCKPORT, FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Niagara County Court (Sara S. Sperrazza, J.), entered September 15, 2008. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.). Based upon the total risk factor score of 85 points on the risk assessment instrument, defendant was presumptively classified as a level two risk. County Court thereafter determined that an upward departure was warranted and classified defendant as a level three risk. We agree with defendant that the court erred in assessing 15 points against him under risk factor 11, for drug and alcohol abuse (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006]). At the SORA hearing, the People "bear the burden of proving the facts supporting the [risk level classification] sought by clear and convincing evidence" (§ 168-n [3]; *see People v Wroten*, 286 AD2d 189, 199, *lv denied* 97 NY2d 610). Although the record establishes that defendant used alcohol socially and that he and the victims consumed alcohol prior to some of the offenses, the record is devoid of clear and convincing evidence that defendant abused alcohol, had any prior offenses related to alcohol or drugs or had ever sought or been recommended for alcohol or drug treatment (*see* Risk Assessment Guidelines and Commentary, at 15; *cf. People v Green*, 71 AD3d 1499, *lv denied* 14 NY3d 713; *People v McClam*, 63 AD3d 1588, *lv denied* 13 NY3d 704; *People v Longtin*, 54 AD3d 1110, *lv denied* 11 NY3d 714). As a result of the court's error, defendant's total risk factor score

should have been 70 points, and he thus should have been presumptively classified as a level one risk (*see generally People v Aldrich*, 56 AD3d 1228).

We reject defendant's further contention, however, that an upward departure from his presumptive risk level was not warranted.  We therefore modify the order by determining that defendant is a level two risk.  "A court may make an upward departure from a presumptive risk level when, 'after consideration of the indicated factors . . .[,] there exists an aggravating . . . factor of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines' " (*People v Cruz*, 28 AD3d 819, 819; *see People v May*, 77 AD3d 1388).  Here, the People established by clear and convincing evidence several factors not taken into account by the risk assessment guidelines that were "indicative that [defendant] poses an increased risk to public safety" (Risk Assessment Guidelines and Commentary, at 14).

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court