# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**536**

**KA 10-00825**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DUSTIN M. MOORE, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (KELLY M. BALCOM OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Cattaraugus County Court (Larry M. Himelein, J.), entered December 8, 2009. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). Based upon the total risk factor score of 80 points on the risk assessment instrument, defendant was presumptively classified as a level two risk. County Court thereafter determined that an upward departure was warranted and classified defendant as a level three risk. We reject defendant's contention that the court erred in assessing points against him under the risk factor for drug or alcohol abuse, inasmuch as the case summary established that defendant had a history of drug and alcohol abuse (*see People v Carlton*, 78 AD3d 1654, 1655, *lv denied* 16 NY3d 782). Indeed, defendant admitted that he began using marihuana at approximately age 12 and crack or cocaine at age 17 and that he had experimented with hallucinogenic mushrooms and had been addicted to painkillers.

The People correctly concede, however, that the court erred in assessing 15 points against defendant under the risk factor for his supervision after being released from prison and that defendant should have been assessed no more than 5 points under that risk factor. As a result of that error, the total risk factor score should have been 70 and thus defendant should have been presumptively classified as a

level one risk.  We nevertheless conclude that an upward departure from that risk level is warranted because defendant acknowledged that he is unable to control his sexual urges, and the record establishes that defendant would be unlikely to obtain the necessary treatment if it is not mandated (*see generally People v Hueber*, 81 AD3d 1466; *People v Mallaber*, 59 AD3d 989, *lv denied* 12 NY3d 710).  We therefore modify the order by determining that defendant is a level two risk pursuant to SORA.

Entered:  April 29, 2011                        Patricia L. Morgan
                                                Clerk of the Court