# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1065**
**KA 10-02348**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

CHARLES CARBONE, DEFENDANT-APPELLANT.

---

DANIEL M. GRIEBEL, BUFFALO, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHELLE L. CIANCIOSA OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered August 10, 2010. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), an upward departure from the presumptive level two risk pursuant to the risk assessment instrument (RAI) score. Contrary to defendant's contention, Supreme Court did not abuse its discretion in refusing to grant a third adjournment to enable his attorney to obtain additional records from his inmate file. Even assuming, arguendo, that additional records would have supported defendant's contention that he should not have been assessed points for category 12 on the RAI for refusal to participate in treatment, we conclude that his score under the RAI would nevertheless have remained at a level two (*see generally People v Sherard*, 73 AD3d 537, *lv denied* 15 NY3d 707). Furthermore, the request for the third adjournment was made on the day before defendant was discharged from prison, and the court was obligated to determine his risk level prior to defendant's parole (*see* § 168-n [1]).

Contrary to defendant's further contention, the court's determinations that defendant engaged in a continuous course of conduct and that the victim was less than 10 years of age at the time of the abuse are supported by the requisite clear and convincing evidence (*see* Correction Law § 168-n [3]). That information was contained in the presentence report, which states that the 12-year-old victim reported during a child protective investigation that he was forced to perform oral sex on defendant numerous times and that the

abuse had occurred over a period of six years.  Where, as here, the information in the presentence report is "produced based on information supplied by the victim . . . or some other knowledgeable witness under circumstances bearing indicia of reliability," the reliable hearsay requirement is met (*People v Mingo*, 12 NY3d 563, 575).  The court's determination that defendant refused sex offender treatment also is supported by clear and convincing evidence (*see* § 168-n [3]), despite the evidence that defendant made complaints to various officials that he was "harassed" by the treatment counselor (*cf. People v Kearns*, 68 AD3d 1713, 1714).  Indeed, defendant signed a document stating that he refused to return to sex offender counseling at any facility "due to legali[ties]."

Finally, although we agree with defendant that the court erred in relying in part upon the duration of the abuse and the age of the victim in departing from the presumptive level two risk, we nevertheless conclude that the court properly determined that the upward departure was warranted.  Defendant's perception that oral sodomy between an adult and child was "normal" based upon his own experience is not otherwise taken into consideration by the RAI, and that perception compels the conclusion that defendant poses an increased risk to public safety (*see People v Hueber*, 81 AD3d 1466, *lv denied* 17 NY3d 701; *People v May*, 77 AD3d 1388).

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court