# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1469

KA 11-02359

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

RODNEY ADAMS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Erie County Court (Kenneth F. Case, J.), entered September 28, 2011. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). Contrary to defendant's contention, County Court complied with the statutory mandate that the court set forth in the order "the findings of fact and conclusions of law" on which the determination is based (§ 168-n [3]; *see People v Carter*, 35 AD3d 1023, 1023-1024, *lv denied* 8 NY3d 810). We reject defendant's further contention that the People failed to present clear and convincing evidence to support the assessment of 15 points against him for a history of substance abuse (*see generally People v Thompson*, 66 AD3d 1455, 1455-1456, *lv denied* 13 NY3d 714). That assessment is supported by the reliable hearsay contained in the presentence report and the case summary (*see People v Rotterman*, 96 AD3d 1467, 1468, *lv denied* 19 NY3d 813; *Thompson*, 66 AD3d at 1456; *see generally People v Mingo*, 12 NY3d 563, 573), which incorporated information from the presentence report. The presentence report set forth that defendant admitted to using marihuana and cocaine on a daily basis before his incarceration, and that admission was included in the case summary. At the SORA hearing, defendant claimed that he lied at the time of the presentence report to gain an advantageous sentence. Inasmuch as defendant admitted that he lied in order to benefit himself, the court was justified in discounting his statement at the hearing and assessing points for a history of substance abuse under risk factor 11. Finally, we reject defendant's contention that he was denied effective assistance of counsel at the SORA hearing (*see Rotterman*, 96

AD3d at 1468; *People v Bowles*, 89 AD3d 171, 181, *lv denied* 18 NY3d 807).