Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). Contrary to defendant’s contention, County Court complied with the statutory mandate that the court set forth in the order “the findings of fact and conclusions of law” on which the determination is based (§ 168-n [3]; see People v Carter, 35 AD3d 1023, 1023-1024 [2006], lv denied 8 NY3d 810 [2007]). We reject defendant’s further contention that the People failed to present clear and convincing evidence to support the assessment of 15 points against him for a history of substance abuse (see gener *1793 ally People v Thompson, 66 AD3d 1455, 1455-1456 [2069], lv denied 13 NY3d 714 [2009]). That assessment is supported by the reliable hearsay contained in the presentence report and the case summary (see People v Rotterman, 96 AD3d 1467, 1468 [2012], lv denied 19 NY3d 813 [2012]; Thompson, 66 AD3d at 1456; see generally People v Mingo, 12 NY3d 563, 573 [2009]), which incorporated information from the presentence report. The presentence report set forth that defendant admitted to using marihuana and cocaine on a daily basis before his incarceration, and that admission was included in the case summary. At the SORA hearing, defendant claimed that he lied at the time of the presentence report to gain an advantageous sentence. Inasmuch as defendant admitted that he lied in order to benefit himself, the court was justified in discounting his statement at the hearing and assessing points for a history of substance abuse under risk factor 11. Finally, we reject defendant’s contention that he was denied effective assistance of counsel at the SORA hearing (see Rotterman, 96 AD3d at 1468; People v Bowles, 89 AD3d 171, 181 [2011], lv denied 18 NY3d 807 [2011]). Present — Smith, J.P., Peradotto, Lindley, Sconiers and Valentino, JJ.