Order, Supreme Court, Bronx County (Megan Tallmer, J.), entered on or about December 5, 2008, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Assuming, without deciding, that the state and federal standards for effective assistance at a criminal trial apply to a sex offender adjudication (see People v Reid, 59 AD3d 158 [1st Dept 2009], lv denied 12 NY3d 708 [2009]), we conclude that defendant received effective assistance at the classification hearing. It is clear from the record that further efforts by counsel to litigate defendant’s risk level would have been unavailing. Counsel’s alleged deficiencies did not affect the outcome or deprive defendant of a fair hearing.
First, there is no reasonable possibility that counsel could have persuaded the court to reduce defendant’s point score below the threshold for a level three adjudication. Even if counsel had successfully challenged the assignment of points for contact under clothing, there still would have been more than enough points to support that risk level. In addition, the court properly applied a presumptive override as an alternative basis for a level three adjudication, and counsel was not ineffective for failing to oppose that determination.
Defendant claims that his counsel should have made further arguments in support of his request for a discretionary downward departure. However, we find that there were no persuasive arguments to be made in that regard. The mitigating factors cited by defendant on appeal were known to the hearing court, and were outweighed by the seriousness of defendant’s record, including the underlying sex crime. Defendant places great emphasis on the fact that defendant did not commit any additional sex crimes during the approximately 30 years between the underlying crime and the SORA hearing. However, defendant spent almost all of that time in prison on the underlying conviction and a subsequent felony conviction. Although defendant did not commit new sex crimes in prison or during a *568 period of parole, this does not show that he has such a low risk of reoffense that he warrants a downward departure. Counsel’s failure to make these arguments was not ineffective under the circumstances of defendant’s case, and we likewise decline to grant a downward departure in the exercise of our independent discretion.
We have considered and rejected defendant’s remaining claims. Concur — Sweeny, J.P., Acosta, Román, Feinman and Clark, JJ.