THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES R. WESTFALL, Appellant. [980 NYS2d 860]—

Appeal from an amended order of the Cattaraugus County Court (Larry M. Himelein, J.), entered September 13, 2011. The amended order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the amended order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an amended order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*) (SORA). Contrary to defendant's contention, County Court's determination to classify him in accordance with his presumptive classification as a level two risk is supported by the requisite clear and convincing evidence (*see* § 168-n [3]; *People v Carbone*, 89 AD3d 1392, 1392-1393 [2011], *lv denied* 18 NY3d 806 [2012]). Contrary to defendant's further contention, he received effective assistance of counsel at the SORA hearing (*see People v Reid*, 59 AD3d 158, 158-159 [2009], *lv denied* 12 NY3d 708 [2009]). Based upon the information contained in the presentence report and defendant's admissions in the underlying criminal proceeding, defense counsel could have reasonably concluded that, beyond the downward departure requested by defense counsel, there was nothing to litigate at the hearing (*see id.* at 159; *cf. People v DeFreitas*, 213 AD2d 96, 101-102 [1995], *lv denied* 86 NY2d 872 [1995]). Defendant's contention that defense counsel was ineffective because he did not present the testimony of a "sexual therapy guy" with whom defendant had spoken at some time before the hearing concerns matters dehors the record and is thus not subject to review in this appeal (*see*

*generally People v Gravino*, 14 NY3d 546, 558 [2010]). Present—Scudder, P.J., Centra, Fahey, Carni and Valentino, JJ.