# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**132**

**KA 11-02126**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

CHARLES R. WESTFALL, DEFENDANT-APPELLANT.

---

CARR SAGLIMBEN LLP, OLEAN (JAY D. CARR OF COUNSEL), FOR
DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (KELLY M. BALCOM
OF COUNSEL), FOR RESPONDENT.

---

Appeal from an amended order of the Cattaraugus County Court
(Larry M. Himelein, J.), entered September 13, 2011. The amended
order determined that defendant is a level two risk pursuant to the
Sex Offender Registration Act.

It is hereby ORDERED that the amended order so appealed from is
unanimously affirmed without costs.

Memorandum: Defendant appeals from an amended order determining
that he is a level two risk pursuant to the Sex Offender Registration
Act ([SORA] Correction Law § 168 *et seq*.). Contrary to defendant's
contention, County Court's determination to classify him in accordance
with his presumptive classification as a level two risk is supported
by the requisite clear and convincing evidence (*see* § 168-n [3];
*People v Carbone*, 89 AD3d 1392, 1392-1393, *lv denied* 18 NY3d 806).
Contrary to defendant's further contention, he received effective
assistance of counsel at the SORA hearing (*see People v Reid*, 59 AD3d
158, 158-159, *lv denied* 12 NY3d 708). Based upon the information
contained in the presentence report and defendant's admissions in the
underlying criminal proceeding, defense counsel could have reasonably
concluded that, beyond the downward departure requested by defense
counsel, there was nothing to litigate at the hearing (*see id*. at 159;
*cf. People v DeFreitas*, 213 AD2d 96, 101-102, *lv denied* 86 NY2d 872).
Defendant's contention that defense counsel was ineffective because he
did not present the testimony of a "sexual therapy guy" with whom
defendant had spoken at some time before the hearing concerns matters
dehors the record and is thus not subject to review in this appeal
(*see generally People v Gravino*, 14 NY3d 546, 558).

Entered: February 14, 2014                          Frances E. Cafarell
                                                    Clerk of the Court