*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 22, 2015                    516629
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

JOHN M. TUBBS,
                    Appellant.
_____

Calendar Date:  November 13, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Egan Jr., JJ.

_____

        Teresa C. Mulliken, Harpersfield, for appellant.

        Richard D. Northrup Jr., District Attorney, Delhi (John L.
Hubbard of counsel), for respondent.

_____

Garry, J.

        Appeal from an order of the County Court of Delaware County
(Lambert, J.), entered February 26, 2013, which classified
defendant as a risk level III sex offender pursuant to the Sex
Offender Registration Act.

        Defendant pleaded guilty to attempted criminal sexual act
in the second degree and was sentenced pursuant to the agreement
to a prison term of 1½ years and 10 years of postrelease
supervision.  Thereafter, the Board of Examiners of Sex Offenders
submitted a risk assessment instrument and case summary to County
Court pursuant to the Sex Offender Registration Act (see
Correction Law art 6-C [hereinafter SORA]) that presumptively
classified defendant as a risk level III sex offender, with no
departure recommended.  In the course of a brief hearing, County

Court subtracted points assessed under one of the factors and added points for another, ultimately also resulting in a risk level III classification. Defendant appeals.

First considering the specific risk factors challenged upon appeal, we find that County Court's addition of 20 points under risk factor 3 for two victims was not supported by the requisite standard of clear and convincing evidence (see Correction Law § 168-n [3]; People v Bateman, 59 AD3d 788, 789 [2009]). The court assessed these points based upon the People's assertion that defendant had been charged with crimes involving two victims. Defendant argues that his underlying guilty plea involved only one victim. It is well established, and the court properly held, that determining the number of victims for purposes of SORA is not limited to the crime of conviction, but may be based upon other reliable sources, specifically including a defendant's admissions (see People v Callan, 62 AD3d 1218, 1219 [2009]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 5 [2006]). Here, the preplea investigation report included defendant's admission that, at an unspecified time several years earlier, he had approached another potential victim requesting that she engage in a sexual act.[1] However, the admission is quite limited, as defendant also stated that this potential victim refused his request, and that nothing further occurred. There is no evidence of any nature that could support a finding of any sexual conduct or contact with a second victim (see Penal Law § 130.00 [3], [10]). The People failed to supplement defendant's limited admission with any proof whatsoever from the alleged second victim (compare People v Radage, 98 AD3d 1194, 1194 [2012], lv denied 20 NY3d 855 [2012]; People v Ramirez, 53 AD3d 990, 990 [2008], lv denied 11 NY3d 710 [2008]). Thus, the record does not contain clear and convincing evidence supporting the court's determination as to a second victim, and 20 points should not have been scored.

Defendant was correctly assessed 10 points on risk factor 8

---

[1] The time periods referenced in defendant's admission are inconsistent with the indictment, which did not charge defendant with any crimes occurring before 2011.

for being under the age of 20 when he committed his first act of sexual misconduct, as — contrary to his contention — the current offense is properly included in this determination (see People v Filkins, 107 AD3d 1069, 1070 [2013]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 13). As for risk factor 12, defendant was correctly assessed 10 points for failing to accept responsibility. Initially, upon his arrest and interview with the Probation Department, defendant admitted that he had repeatedly molested the victim and had approached the second individual with a sexual request. However, he later repudiated these statements, claiming that the accusations were false and that he had pleaded guilty only because his former defense counsel had advised him to do so. These later statements constituted clear and convincing evidence that he failed to accept responsibility for his conduct (see People v Shackelton, 117 AD3d 1283, 1284 [2014]; People v Carman, 33 AD3d 1145, 1146 [2006]).

Defendant's claim that the manner in which the hearing was conducted violated his due process rights was unpreserved; in any event, the requisite standards were met (see People v Brooks, 308 AD2d 99, 103 [2003], lv denied 1 NY3d 502 [2003]; Doe v Pataki, 3 F Supp 2d 456, 471-472 [SD NY 1998]). Defendant's argument that County Court failed to consider mitigating evidence that would have warranted a lower risk level was also unpreserved. We note that the modification required by our finding above requires a change in assessment from 120 points, with a corresponding risk level III designation, to an assessment of 100 points, with a corresponding risk level II designation.

Peters, P.J., Lahtinen, Rose and Egan Jr., JJ., concur.

ORDERED that the order is reversed, on the law, without costs, and defendant is classified as a risk level II sex offender under the Sex Offender Registration Act.


ENTER:

Robert D. Mayberger
Clerk of the Court