SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

101
KA 13-01803
PRESENT: SMITH, J.P., CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

ROBERT MERKLEY, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Ontario County Court (Frederick G. Reed, A.J.), entered September 18, 2013. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.), defendant contends that County Court erred in assessing 15 points against him under risk factor 11 based upon his history of drug and alcohol abuse. We reject that contention. The evidence admitted without objection at the SORA hearing included the case summary, prepared by the Board of Examiners of Sex Offenders, and defendant's presentence report. According to the case summary, defendant stated that he "first used mari[h]uana at age 14 and was using it on a daily basis," and that he used cocaine "every couple of days." Defendant also admitted that he used vicodin and various other narcotic drugs on a daily basis. Defendant made similar admissions to the probation officer who interviewed him in preparing the presentence report. We conclude that the "statements in the case summary and presentence report with respect to defendant's substance abuse constitute reliable hearsay supporting the court's assessment of points for history of drug or alcohol abuse" (*People v Ramos*, 41 AD3d 1250, 1250, *lv denied* 9 NY3d 809; *see People v St. Jean*, 101 AD3d 1684, 1684).

Although we agree with defendant that the court should have applied a preponderance of the evidence standard to his request for a downward departure, rather than a clear and convincing evidence standard (*see People v Gillotti*, 23 NY3d 841, 860-861), we need not

remit the matter because the record is sufficient to enable us to review defendant's contention under the proper standard (*see generally People v Urbanski*, 74 AD3d 1882, 1883, *lv denied* 15 NY3d 707).  We conclude that defendant failed to meet that standard inasmuch as he did not establish the existence of any mitigating factors warranting a downward departure from his risk level (*see People v Nethercott*, 119 AD3d 918, 918, *lv denied* 24 NY3d 908; *People v Worrell*, 113 AD3d 742, 742-743).

Entered:  February 13, 2015                          Frances E. Cafarell
                                                     Clerk of the Court