In the Matter of MATT J.F., SR., Appellant, v BILLIE L.F., Respondent. [4 NYS3d 573]—

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered March 18, 2014 in a proceeding pursuant to Family Court Act article 5. The order directed the parties and their marital child to submit to a genetic marker test.

It is hereby ordered that said appeal is unanimously dismissed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 5, petitioner father appeals from an order directing the parties and their marital child to submit to a genetic marker test. While this appeal was pending, respondent mother commenced her own paternity proceeding. Family Court ordered a genetic marker test, to which the father did not object, it was determined that the father is the biological father of the subject child, and an order of filiation was entered. We therefore conclude that this appeal has been rendered moot and that, contrary to the contention of the father, the exception to the mootness doctrine does not apply (*see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]). Present—Centra, J.P., Peradotto, Carni, Sconiers and DeJoseph, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. GREENFIELD, Appellant. [6 NYS3d 379]—

Appeal from an order of the Jefferson County Court (Kim H. Martusewicz, J.), dated May 5, 2014. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Contrary to defendant's contention, County Court's determination that defendant is a level two risk is based upon clear and convincing evidence (*see generally* § 168-n [3]), including "reliable hearsay contained in the case summary and the presentence report" (*People v Thompson*, 66 AD3d 1455, 1456 [2009], *lv denied* 13 NY3d 714 [2009]; *see People v Young*, 108 AD3d 1232, 1232 [2013], *lv denied* 22 NY3d 853 [2013], *rearg denied* 22 NY3d 1036 [2013]; *People v Lewis*, 45 AD3d 1381, 1381 [2007], *lv denied* 10 NY3d 703 [2008]). Defendant failed to preserve for our review his challenge to the manner in which the hearing was conducted (*see People v Tubbs*, 124 AD3d 1094, 1095 [2015]; *People v Williamson*, 73 AD3d 1398, 1398-1399 [2010]) and, in any event, we conclude that the requisite standards were met (*see generally* Correction Law § 168-n [3]).

We reject defendant's further contention that he was denied effective assistance of counsel because his attorney failed to request a downward departure from the presumptive risk level (*see People v Goldbeck*, 104 AD3d 567, 567-568 [2013], *lv denied* 21 NY3d 860 [2013]; *People v Reid*, 59 AD3d 158, 159 [2009], *lv denied* 12 NY3d 708 [2009]). It is well established that "[a] defendant is not denied effective assistance of . . . counsel merely because counsel does not make a motion or argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287 [2004], *rearg denied* 3 NY3d 702 [2004]) and, here, we conclude that there are no "mitigating factors warranting a downward departure from his risk level" (*People v Merkley*, 125 AD3d 1479, 1479 [2015]; *see People v Sells*, 115 AD3d 1345, 1346 [2014], *lv denied* 23 NY3d 905 [2014]; *People v Hays*, 99 AD3d 1212, 1212-1213 [2012], *lv denied* 20 NY3d 854 [2012]).

Finally, we conclude that, contrary to defendant's contention, the court complied with the statutory mandate that the court set forth in the order "the findings of fact and conclusions of law" on which the determination is based (Correction Law § 168-n [3]; *see People v Carter*, 35 AD3d 1023, 1023-1024 [2006], *lv denied* 8 NY3d 810 [2007]). Present—Smith, J.P., Peradotto, Lindley, Valentino and Whalen, JJ.