# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

317

KA 14-00973

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

MICHAEL A. GREENFIELD, DEFENDANT-APPELLANT.

---

PATRICK T. CHAMBERLAIN, PENN YAN, FOR DEFENDANT-APPELLANT.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN, FOR RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from an order of the Jefferson County Court (Kim H. Martusewicz, J.), dated May 5, 2014. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Contrary to defendant's contention, County Court's determination that defendant is a level two risk is based upon clear and convincing evidence (*see generally* § 168-n [3]), including "reliable hearsay contained in the case summary and the presentence report" (*People v Thompson*, 66 AD3d 1455, 1456, *lv denied* 13 NY3d 714; *see People v Young*, 108 AD3d 1232, 1232, *lv denied* 22 NY3d 853, *rearg denied* 22 NY3d 1036; *People v Lewis*, 45 AD3d 1381, 1381, *lv denied* 10 NY3d 703). Defendant failed to preserve for our review his challenge to the manner in which the hearing was conducted (*see People v Tubbs*, 124 AD3d 1094, 1095; *People v Williamson*, 73 AD3d 1398, 1398-1399) and, in any event, we conclude that the requisite standards were met (*see generally* § 168-n [3]).

We reject defendant's further contention that he was denied effective assistance of counsel because his attorney failed to request a downward departure from the presumptive risk level (*see People v Goldbeck*, 104 AD3d 567, 567-568, *lv denied* 21 NY3d 860; *People v Reid*, 59 AD3d 158, 159, *lv denied* 12 NY3d 708). It is well established that "[a] defendant is not denied effective assistance of . . . counsel merely because counsel does not make a motion or argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702) and, here, we conclude that there are no "mitigating factors warranting a downward departure from his risk level" (*People v Merkley*, 125 AD3d 1479, ___; *see People v Sells*, 115

AD3d 1345, 1346, *lv denied* 23 NY3d 905; *People v Hays*, 99 AD3d 1212, 1212-1213, *lv denied* 20 NY3d 854).

Finally, we conclude that, contrary to defendant's contention, the court complied with the statutory mandate that the court set forth in the order "the findings of fact and conclusions of law" on which the determination is based (Correction Law § 168-n [3]; *see People v Carter*, 35 AD3d 1023, 1023-1024, *lv denied* 8 NY3d 810).

Entered:  March 27, 2015                          Frances E. Cafarell
                                                  Clerk of the Court