# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1137**
**KA 15-00656**
PRESENT: WHALEN, P.J., SMITH, PERADOTTO, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BRIAN ALLPORT, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BENJAMIN L. NELSON OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Orleans County Court (James P. Punch, J.), entered March 4, 2015.  The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  On appeal from an order classifying him as a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.), defendant contends that he was denied effective assistance of counsel at the SORA classification proceeding. We reject that contention.  Defendant's contention that his attorney at the classification proceeding should have challenged each of the points assessed is without merit.  "It is well established that '[a] defendant is not denied effective assistance of . . . counsel merely because counsel does not make a motion or argument that has little or no chance of success' " (*People v Greenfield*, 126 AD3d 1488, 1489, *lv denied* 26 NY3d 903, quoting *People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702).  Here, the record establishes that there was no colorable basis for challenging any of the points assessed.  With respect to defendant's further contention that counsel was ineffective in failing to seek a downward departure from defendant's presumptive risk level, "we conclude that there are no 'mitigating factors warranting a downward departure from his risk level' " (*id*.).  Thus, contrary to defendant's contention, "[c]ounsel could have reasonably concluded that there was nothing to litigate at the hearing" (*People v Reid*, 59 AD3d 158, 159, *lv denied* 12 NY3d 708; *see People v Westfall*, 114 AD3d 1264, 1264; *see also People v Bowles*, 89 AD3d 171, 181, *lv denied* 18 NY3d 807).

Entered:  December 23, 2016                          Frances E. Cafarell
                                                    Clerk of the Court