People v Ortiz (2020 NY Slip Op 04688)





People v Ortiz


2020 NY Slip Op 04688


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, TROUTMAN, AND BANNISTER, JJ.


473 KA 19-00977

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GERALD J. ORTIZ, DEFENDANT-APPELLANT. 






ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (BRUCE A. ROSEKRANS OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Wayne County Court (John B. Nesbitt, J.), entered October 25, 2018. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). Contrary to defendant's contention, County Court's determination that the victim was "10 or less" years of age at the time the abuse began is supported by the requisite clear and convincing evidence (see § 168-n [3]; People v Carbone, 89 AD3d 1392, 1392 [4th Dept 2011], lv denied 18 NY3d 806 [2012]). That evidence was contained in the police reports, which provided that the victim reported to the police officers that the abuse began when she lived on one particular street. Although there is no evidence concerning when the victim and her family moved to a different address, defendant pleaded guilty to count three of the indictment, which alleged that the victim was living at a second address on the date of her 11th birthday. As a result, the court correctly determined that any "abuse beginning at [the first address] would necessarily have occurred when the victim was age 10 or less."
As defendant correctly concedes, he failed to preserve for our review his contention that he is entitled to a downward departure (see People v Austin, 171 AD3d 1494, 1495 [4th Dept 2019], lv denied 33 NY3d 910 [2019]; People v Havens, 144 AD3d 1632, 1632 [4th Dept 2016], lv denied 29 NY3d 901 [2017]). In any event, that contention lacks merit inasmuch as defendant failed "to allege mitigating circumstances that are, as a matter of law, of a kind or to a degree not adequately taken into account by the Risk Assessment Guidelines and Commentary" (People v Voymas, 122 AD3d 1336, 1337 [4th Dept 2014], lv denied 25 NY3d 913 [2015]; see People v Phillips, 162 AD3d 1752, 1753 [4th Dept 2018], lv denied 32 NY3d 908 [2018]).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court