People v Antonetti (2020 NY Slip Op 06613)





People v Antonetti


2020 NY Slip Op 06613


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND DEJOSEPH, JJ.


684 KA 19-01304

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SANTOS ANTONETTI, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Christopher S. Ciaccio, J.), entered May 6, 2019. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that County Court erred in refusing to grant him a downward departure from his presumptive risk level. We reject that contention.
Correction Law § 168-n (3) requires a court making a risk level determination pursuant to SORA to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based." Here, defendant requested a downward departure from his presumptive risk level based upon two mitigating factors, i.e., his completion of a sex offender treatment program and his progress in substance abuse treatment. Although the court addressed defendant's completion of a sex offender treatment program, the court made no mention of defendant's progress in a substance abuse treatment program. Inasmuch as the record is sufficient for us to make our own findings of fact and conclusions of law, however, remittal is not required (see People v Merkley, 125 AD3d 1479, 1479 [4th Dept 2015]; People v Urbanski, 74 AD3d 1882, 1883 [4th Dept 2010], lv denied 15 NY3d 707 [2010]).
On appeal, defendant contends only that the court should have granted his request for a downward departure based on the second mitigating factor. Although defendant is correct that "[a]n offender's response to treatment, if exceptional, can be the basis for a downward departure" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]), we conclude that defendant failed to meet his burden of proving by a preponderance of the evidence that his response to substance abuse treatment was exceptional (see People v Rivera, 144 AD3d 1595, 1596 [4th Dept 2016], lv denied 28 NY3d 915 [2017]; People v Butler, 129 AD3d 1534, 1534-1535 [4th Dept 2015], lv denied 26 NY3d 904 [2015]; see also People v Lombard, 30 AD3d 573, 574 [2d Dept 2006], lv denied 7 NY3d 712 [2006]). Initially, defendant failed to submit any evidence to support his contention that an assessment conducted prior to his release to parole supervision suggested that he was unlikely to have a substance abuse problem upon his release. Furthermore, although defendant demonstrated that he participated in substance abuse treatment programs approximately 13 years prior to the SORA hearing, that alone is insufficient to meet defendant's burden (see People v Desnoyers, 180 AD3d 1080, 1081 [2d Dept 2020]; People v Brunjes, 174 AD3d 747, 748 [2d Dept 2019], lv denied 34 NY3d 905 [2019]).
Moreover, even assuming, arguendo, that defendant demonstrated that his response to substance abuse treatment was exceptional, we nevertheless conclude, based upon the "totality of the circumstances," including defendant's extensive criminal history, his history of domestic violence, and his minimization of the offense and disparaging statements about the victim in his probation interview, that a downward departure is not warranted (People v Gillotti, 23 NY3d 841, 861 [2014]; see Rivera, 144 AD3d at 1596).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court