People v Kingdollar (2021 NY Slip Op 04443)





People v Kingdollar


2021 NY Slip Op 04443


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


429 KA 19-00113

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROGER A. KINGDOLLAR, ALSO KNOWN AS ROGER KINGDOLLAR, ALSO KNOWN AS ROGER A. KINGDOLLAR, III, ALSO KNOWN AS ROGER ATWELL KINGDOLLAR, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLYSON L. KEHL-WIERZBOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered November 14, 2018. The judgment convicted defendant upon a plea of guilty of attempted promoting an obscene sexual performance by a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of attempted promoting an obscene sexual performance by a child (Penal Law §§ 110.00, 263.10). In appeal No. 2, defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.) based on his conviction in appeal No. 1. We affirm in both appeals.
With respect to appeal No. 1, defendant contends that his waiver of the right to appeal is invalid and does not encompass his challenge to County Court's refusal to grant him youthful offender status or his challenge to the severity of the sentence. Initially, contrary to defendant's contention, the Court of Appeals has rejected the assertion that waivers of the right to appeal should be invalid per se (see People v Thomas, 34 NY3d 545, 557-558 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Seaberg, 74 NY2d 1, 8-9 [1989]; People v Viehdeffer, 189 AD3d 2143, 2144 [4th Dept 2020]). Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and thus does not preclude his challenge to the youthful offender determination (see People v Love, 181 AD3d 1193, 1193 [4th Dept 2020]; People v McClellan, 49 AD3d 1201, 1202 [4th Dept 2008]), we conclude that the court did not abuse its discretion in declining to adjudicate defendant a youthful offender (see People v Simpson, 182 AD3d 1046, 1047 [4th Dept 2020], lv denied 35 NY3d 1049 [2020]; see also People v Lewis, 128 AD3d 1400, 1400 [4th Dept 2015], lv denied 25 NY3d 1203 [2015]; see generally People v Minemier, 29 NY3d 414, 421 [2017]). Further, having reviewed the applicable factors pertinent to a youthful offender determination (see People v Keith B.J., 158 AD3d 1160, 1160 [4th Dept 2018]), we decline to exercise our interest of justice jurisdiction to grant him such status (see Simpson, 182 AD3d at 1047; Lewis, 128 AD3d at 1400-1401; cf. Keith B.J., 158 AD3d at 1161). We also conclude that the sentence is not unduly harsh or severe.
With respect to appeal No. 2, defendant contends that he was denied effective assistance of counsel at the SORA classification proceeding. We reject that contention. Defendant's contention that his attorney should have challenged the assessment of points under risk factor 11—pertaining to his history of drug abuse—is without merit. "It is well established that '[a] defendant is not denied effective assistance of . . . counsel merely because counsel does not make [*2]a motion or argument that has little or no chance of success' " (People v Greenfield, 126 AD3d 1488, 1489 [4th Dept 2015], lv denied 26 NY3d 903 [2015], quoting People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]). Here, the record establishes that there was no colorable basis for challenging the points assessed under risk factor 11 because defendant admitted that he had used marihuana daily for years (see People v Palmer, 20 NY3d 373, 377-378 [2013]; People v Kowal, 175 AD3d 1057, 1057 [4th Dept 2019]; People v Merkley, 125 AD3d 1479, 1479 [4th Dept 2015]).
With respect to defendant's further contention that defense counsel was ineffective in failing to seek a downward departure from defendant's presumptive risk level, we conclude that there are no
" 'mitigating factors warranting a downward departure from his risk level' " (Greenfield, 126 AD3d at 1489; see People v Allport, 145 AD3d 1545, 1546 [4th Dept 2016]). Thus, contrary to defendant's contention, defense counsel "could have reasonably concluded that there was nothing to litigate at the hearing" (People v Reid, 59 AD3d 158, 159 [1st Dept 2009], lv denied 12 NY3d 708 [2009]; see Allport, 145 AD3d at 1546).
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court