People v Forshey (2022 NY Slip Op 00592)





People v Forshey


2022 NY Slip Op 00592


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, AND WINSLOW, JJ.


1098 KA 20-01595

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEVEN C. FORSHEY, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLYSON KEHL-WIERZBOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (SUSAN M. HOWARD OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Orleans County Court (Michael M. Mohun, A.J.), entered August 26, 2019. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that County Court erred in refusing to grant him a downward departure. That contention is not preserved for our review (see People v Stack, 195 AD3d 1559, 1560 [4th Dept 2021], lv denied 37 NY3d 915 [2021]; People v Ortiz, 186 AD3d 1087, 1088 [4th Dept 2020], lv denied 36 NY3d 901 [2020]; People v Webb, 162 AD3d 918, 919 [2d Dept 2018], lv denied 32 NY3d 904 [2018], rearg denied 33 NY3d 1053 [2019]). In any event, defendant's contention lacks merit because he failed to demonstrate that there exist mitigating circumstances of a kind or to a degree not otherwise taken into account by the SORA guidelines that warrant a downward departure (see People v Mann, 177 AD3d 1319, 1320 [4th Dept 2019], lv denied 35 NY3d 902 [2020]; Webb, 162 AD3d at 919). Defendant identifies, as a mitigating factor, his high scores in educational and vocational programs that he participated in while incarcerated. Although defendant is correct that "[a]n offender's response to treatment, if exceptional, can be the basis for a downward departure" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]), defendant did not meet his burden of establishing by a preponderance of the evidence that he had any response, let alone an exceptional response, to treatment (see Stack, 195 AD3d at 1560; People v Antonetti, 188 AD3d 1630, 1631 [4th Dept 2020], lv denied 36 NY3d 910 [2021]; People v Scott, 186 AD3d 1052, 1054 [4th Dept 2020], lv denied 36 NY3d 901 [2020]). Rather, it was undisputed that he refused to participate in the sex offender counseling and treatment program. Defendant's performance in educational and vocational programs was adequately taken into account in assessing his presumptive risk level inasmuch as he was assessed zero points for conduct while confined despite having an extensive history of disciplinary infractions (see People v Leung, 191 AD3d 1023, 1024 [2d Dept 2021], lv denied 37 NY3d 910 [2021]; People v Herbert, 186 AD3d 1732, 1733 [2d Dept 2020], lv denied 36 NY3d 905 [2021]). Moreover, even if defendant demonstrated an appropriate mitigating factor, we would nevertheless conclude, based upon the totality of the circumstances, that a downward departure is not warranted (see People v Burgess, 191 AD3d 1256, 1257 [4th Dept 2021]; Antonetti, 188 AD3d at 1632; see generally People v Gillotti, 23 NY3d 841, 861 [2014]).
In light of our conclusion, we reject defendant's further contention that he received ineffective assistance of counsel based on defense counsel's failure to request a downward departure (see People v Whiten, 187 AD3d 1661, 1662 [4th Dept 2020]; People v Greenfield, 126 AD3d 1488, 1489 [4th Dept 2015], lv denied 26 NY3d 903 [2015]; see generally People v [*2]Caban, 5 NY3d 143, 152 [2005]).
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court