People v Nicholson (2024 NY Slip Op 02432)

People v Nicholson

2024 NY Slip Op 02432

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

236 KA 22-01410

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER NICHOLSON, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (FABIENNE N. SANTACROCE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Judith A. Sinclair, J.), dated July 20, 2022. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order classifying him as a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that he was denied effective assistance of counsel at the SORA classification hearing because his attorney failed to request a downward departure from the presumptive risk level. We reject that contention. It is well established that "[a] defendant is not denied effective assistance of . . . counsel merely because counsel does not make a motion or argument that has little or no chance of success" (People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]; see People v Greenfield, 126 AD3d 1488, 1489 [4th Dept 2015], lv denied 26 NY3d 903 [2015]) and, here, we conclude that there are no " 'mitigating factors warranting a downward departure from his risk level' " (Greenfield, 126 AD3d at 1489; see People v Allport, 145 AD3d 1545, 1546 [4th Dept 2016]). Thus, contrary to defendant's contention, his attorney "could have reasonably concluded that there was nothing to litigate at the hearing" (People v Reid, 59 AD3d 158, 159 [1st Dept 2009], lv denied 12 NY3d 708 [2009]; see Allport, 145 AD3d at 1546; People v Goldbeck, 104 AD3d 567, 567-568 [1st Dept 2013], lv denied 21 NY3d 860 [2013]).
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court