# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1394**

**KA 11-02141**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

EDOUIN ST. JEAN, DEFENDANT-APPELLANT.

---

THEODORE W. STENUF, MINOA, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (SUSAN C. AZZARELLI OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Onondaga County Court (Joseph E. Fahey, J.), dated September 23, 2011. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that County Court's determination of his risk level is not supported by the requisite clear and convincing evidence (*see* § 168-n [3]). We reject that contention. "The statements in the case summary and presentence report with respect to defendant's substance abuse constitute reliable hearsay supporting the court's assessment of points under the risk factor for history of drug or alcohol abuse" (*People v Ramos*, 41 AD3d 1250, 1250, *lv denied* 9 NY3d 809). Defendant, who admitted to a probation officer that he occasionally overconsumed alcohol, used marihuana three to four times a week, and used ecstasy whenever he could obtain it, believed that he had a substance abuse problem. The court was entitled to reject defendant's contention at the hearing that his use of alcohol and drugs did not constitute "substance abuse" inasmuch as that contention conflicted with his prior statements as set forth in the presentence report (*see People v Woodard*, 63 AD3d 1655, 1656, *lv denied* 13 NY3d 706).

Defendant failed to preserve for our review his contention that a downward departure from his presumptive risk level was warranted (*see People v Gardiner*, 92 AD3d 1228, 1229, *lv denied* 19 NY3d 801). In any event, defendant's contention is without merit inasmuch as defendant failed to present "clear and convincing evidence of special circumstances justifying a downward departure" (*People v McDaniel*, 27

AD3d 1158, 1159, *lv denied* 7 NY3d 703).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court