— Appeal by the defendant, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Firetog, J.), dated January 10, 2011, as, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.
The defendant’s contention that the Supreme Court improperly assessed 15 points under risk factor 12 because the People failed to establish, by clear and convincing evidence, that he failed to accept responsibility and that he refused or was expelled from treatment is unpreserved for appellate review (see generally People v Cuesta, 65 AD3d 1113, 1114 [2009]; People v Wiedeman, 51 AD3d 888 [2008]; People v Sinclair, 23 AD3d 537 [2005]; People v Oquendo, 1 AD3d 421, 422 [2003]). In any event, this contention is without merit (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15-16 [2006]; People v DeCastro, 101 AD3d 693 [2012]; People v Peana, 68 AD3d 737 [2009]; People v Orengo, 40 AD3d 609, 610 [2007]). Moreover, the defendant’s unsatisfactory conduct during his incarceration, which was established, inter alia, by the case summary, warranted the assessment of 10 points under risk factor 13 (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 16 [2006]; People v Williams, 100 AD3d 610, 611 [2012]; People v Niola, 50 AD3d 991 [2008]). *464 Accordingly, the defendant was properly designated a level two sex offender. Rivera, J.E, Skelos, Leventhal and Lott, JJ., concur.