Appeal by the defendant from an order of the County Court, Dutchess County (Dolan, J.), dated March 25, 2008, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed, without costs or disbursements.
Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) to “render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based” (Correction Law § 168-n [3]). Here, the County Court failed to adequately set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (see People v Eaton, 105 AD3d 722 [2013]; People v Finizio, 100 AD3d 977 [2012], lv denied 20 NY3d 860 [2013]).
In establishing a defendant’s risk level pursuant to SORA, the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (see Correction Law § 168-n [3]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; People v Finizio, 100 AD3d at 978). “[E]vidence may be derived from the defendant’s admissions, the victim’s statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay” (People v Crandall, 90 AD3d 628, 629 [2011]; see People v Mingo, 12 NY3d 563 [2009]).
Here, the County Court’s designation of the defendant as a level three sex offender under SORA is supported by clear and convincing evidence (see People v Robinson, 55 AD3d 708 [2008]). The defendant’s unsatisfactory conduct during his incarceration, which was established, inter alia, by the case summary, warranted the assessment of 10 points under risk factor 13 (see People v Watson, 109 AD3d 463 [2013]). Moreover, even assuming that 15 points had been improperly assessed against the defendant under risk factor 11, based on a history of drug or alcohol abuse, subtracting the 15 points assigned for *920 this risk factor would not alter the defendant’s presumptive risk level (see People v Mercado, 55 AD3d 583, 583 [2008]).
Skelos, J.E, Dickerson, Leventhal and Hall, JJ., concur.