■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NISEAN GRAVES, Appellant. [993 NYS2d 778]—

Appeal by the defendant from an order of the County Court, Westchester County (Cacace, J.), dated July 8, 2013, which, after a hearing, designated him a level three sexually violent offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In determining a defendant's risk level pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C), the People bear the burden of establishing the facts supporting the determination sought by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Mingo*, 12 NY3d 563, 571 [2009]; *People v King*, 80 AD3d 681, 682 [2011]).

Contrary to the defendant's contention, the assessment of 10 points under risk factor 13 for unsatisfactory conduct while confined was supported by clear and convincing evidence (*see People v Perez*, 115 AD3d 919 [2014]; *People v Watson*, 109 AD3d 463, 463-464 [2013]). The defendant's unsatisfactory conduct during his incarceration was established by his inmate disciplinary history report, which revealed that he committed seven tier

II disciplinary violations (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 16 [2006]). Accordingly, the County Court properly designated the defendant a level three sexually violent offender. Rivera, J.P., Dickerson, Roman and Duffy, JJ., concur.