■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR WOODS, Appellant. [8 NYS3d 574]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Dowling, J.), dated August 15, 2012, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the Supreme Court properly assessed him 15 points under risk factor 11 for a history of drug abuse. The assessment of these points was supported by clear and convincing evidence in the record, including the case summary completed by the Board of Examiners of Sex Offenders and the victim's grand jury testimony (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]; *People v Dallas*, 122 AD3d 698, 699 [2014]; *People v Williams*, 100 AD3d 610 [2012]).

Further, the assessment of 10 points under risk factor 13 ("Conduct while confined/supervised-Unsatisfactory") was supported by clear and convincing evidence. The defendant's unsatisfactory conduct during his incarceration was established by the case summary and his inmate disciplinary history report, which revealed a multitude of tier II and III disciplinary violations, some of which were violent in nature (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 16 [2006]; *People v Graves*, 121 AD3d 959 [2014]; *People v Watson*, 109 AD3d 463 [2013]). His conduct while incarcerated also resulted in a separate criminal conviction for assault in the second degree.

In addition, the Supreme Court properly denied the defendant's request for a downward departure from the presumptive level three designation (*see People v Gillotti*, 23 NY3d 841, 845, 861 [2014]; *People v Wyatt*, 89 AD3d 112, 131 [2011]). Accordingly, the defendant was properly designated a level three sex offender. Rivera, J.P., Hall, Austin and LaSalle, JJ., concur.