THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC G. NILSEN, Appellant. [50 NYS3d 199]—Appeal from an

order of the Supreme Court, Monroe County (Francis A. Affronti, J.), entered November 24, 2015. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Defendant failed to preserve for our review his contention that he was entitled to a downward departure from his presumptive risk level (*see People v St. Jean*, 101 AD3d 1684, 1685 [2012]; *People v Ratcliff*, 53 AD3d 1110, 1110 [2008], *lv denied* 11 NY3d 708 [2008]). In any event, that contention lacks merit. " 'A defendant seeking a downward departure has the initial burden of . . . identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the risk assessment guidelines' " (*People v Collette*, 142 AD3d 1300, 1301 [2016], *lv denied* 28 NY3d 912 [2017]). Here, defendant failed to establish his entitlement to a downward departure from his presumptive risk level inasmuch as he failed to establish the existence of a mitigating factor by the requisite preponderance of the evidence (*see People v Reber*, 145 AD3d 1627, 1628 [2016]; *see generally People v Gillotti*, 23 NY3d 841, 861 [2014]). Present—Centra, J.P., Carni, Lindley, Curran and Troutman, JJ.