■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PUFF, Appellant. [57 NYS3d 864]—

Appeal from an order of the Monroe County Court (Christopher S. Ciaccio, J.), entered November 23, 2015. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that County Court erred in assessing 10 points under the risk factor based on the recency of a prior felony offense inasmuch as the prior felony conviction occurred more than three years before the instant offense. We reject that contention. Although the instant offense was committed on October 21, 1998, and defendant was convicted of a prior felony offense more than three years earlier, on March 23, 1995, the presentence report establishes that defendant was sentenced to two separate periods of incarceration during the period between the prior conviction and the date of the instant offense. We conclude that evidence of those two terms of incarceration, one for approximately one year and nine months, and the other for approximately 45 days, is sufficient to "establish[ ] by clear and convincing evidence that defendant was incarcerated for sufficient periods to reduce the time between the conviction for the prior offense and the date of the instant offense to within the requisite three-year period" (*People v Weathersby*, 61 AD3d 1382, 1382-1383 [2009], *lv denied* 13 NY3d 701 [2009]).

Defendant failed to preserve for our review his contention that he was entitled to a downward departure to a level one risk inasmuch as he failed to request such a departure (*see People v Ratcliff*, 53 AD3d 1110, 1110 [2008], *lv denied* 11 NY3d 708 [2008]). In any event, we conclude that "defendant failed to establish his entitlement to a downward departure from his presumptive risk level inasmuch as he failed to establish the existence of a mitigating factor by the requisite preponderance of the evidence" (*People v Nilsen*, 148 AD3d 1688, 1689 [2017], *lv denied* 29 NY3d 912 [2017]; *see generally People v Gillotti*, 23 NY3d 841, 861 [2014]). Present—Peradotto, J.P., Carni, Lindley, Curran and Troutman, JJ.