Appeal from an order of the Onondaga County Court (Walter W. Hafner, Jr., A.J.), dated June 6, 2016. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court improperly assessed 10 points against him under the risk factor for use of “forcible compulsion,” inasmuch as forcible compulsion is not an element of any of the crimes of which he was convicted, including the crime of forcible touching (Penal Law § 130.52 [1]). We reject that contention. Although defendant is correct that the term “forcible compulsion” as defined in Penal Law § 130.00 (8) is not an element of the crime of forcible touching (§ 130.52 [1]), “‘the court was not limited to considering only the crime of which the defendant was convicted in making its determination’ ” (People v Martinez, 125 AD3d 735, 736 [2d Dept 2015], lv denied 25 NY3d 906 [2015]). Here, as in Martinez, the People established by the requisite clear and convincing evidence that defendant pushed the smaller victim against a wall, pinning her there and preventing her from moving away from him, which enabled him to commit the crime of forcible touching (see id. at 736-737).
 

 Defendant further contends that the court improperly assessed 10 points against him under risk factor 13 for unsatisfactory conduct while confined. Even assuming, arguendo, that defendant’s contention has merit, we conclude that subtracting the points assigned for that risk factor “would not alter the defendant’s presumptive risk level” (People v Perez, 115 AD3d 919, 920 [2d Dept 2014]).
 

 Finally, we reject defendant’s contention that the court abused its discretion in denying his request for a downward departure inasmuch as defendant failed to establish by a preponderance of the evidence the existence of mitigating factors not adequately taken into account by the guidelines (see generally People v Gillotti, 23 NY3d 841, 861 [2014]). Contrary to defendant’s contention, the fact that he may have scored as a lower risk on the Static-99R does not justify a downward departure inasmuch as “[t]he Static-99R does not take into account the nature of the sexual contact with the victim [s] or the degree of harm that would potentially be caused in the event of reoffense” (People v Roldan, 140 AD3d 411, 412 [1st Dept 2016], lv denied 28 NY3d 904 [2016]; see People v Rodriguez, 145 AD3d 489, 490 [1st Dept 2016], lv denied 28 NY3d 916 [2017]). We have reviewed defendant’s remaining contention concerning a downward departure and conclude that it lacks merit.
 

 Present—Smith, J.P., Carni, Lindley, Curran and Troutman, JJ.