People v Bernecky (2018 NY Slip Op 03263)





People v Bernecky


2018 NY Slip Op 03263


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, AND WINSLOW, JJ.


457 KA 16-00954

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEFFREY T. BERNECKY, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Victoria M. Argento, J.), entered April 26, 2016. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant appeals from an order classifying him as a level two risk. Defendant pleaded guilty to a federal sex offense arising from his possession of more than 8,000 computer files containing images of, inter alia, child pornography involving sex acts between 10- to 12-year-old boys and adults or other boys. Contrary to defendant's contentions, "children depicted in pornographic images are each separate victims for purposes of the Sex Offender Registration Act in general and risk factor 3 in particular" (People v Graziano, 140 AD3d 1541, 1542 [3d Dept 2016], lv denied 28 NY3d 909 [2016]; see People v Gillotti, 23 NY3d 841, 859-860 [2014]; People v Wooten, 136 AD3d 1305, 1306 [4th Dept 2016]), and
" the plain terms of [risk] factor 7 authorize the assessment of points based on a child pornography offender's stranger relationship with the children featured in his or her child pornography files, and thus points can be properly assessed under that factor due to an offender's lack of prior acquaintance with the children depicted in the files' " (People v Tutty, 156 AD3d 1444, 1444-1445 [4th Dept 2017]; see Gillotti, 23 NY3d at 859-860; People v Johnson, 11 NY3d 416, 419-421 [2008]).
Contrary to defendant's further contention, County Court did not abuse its discretion in denying his request for a downward departure from his presumptive risk level. Although a defendant's response to treatment, "if exceptional" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]), may constitute a mitigating factor to serve as the basis for a downward departure, we conclude that, here, defendant failed to prove by a preponderance of the evidence that his response to treatment was exceptional (see People v Butler, 129 AD3d 1534, 1534-1535 [4th Dept 2015], lv denied 26 NY3d 904 [2015]). Defendant otherwise "failed to establish by a preponderance of the evidence the existence of mitigating factors not adequately taken into account by the guidelines" (People v Lewis, 156 AD3d 1431, 1432 [4th Dept 2017]; see People v Nilsen, 148 AD3d 1688, 1689 [4th Dept 2017], lv denied 29 NY3d 912 [2017]), particularly in light of the fact that he possessed an extraordinary number of pornographic images, including depictions of sexual acts involving children, violence, and bestiality (see generally People v Poole, 90 AD3d 1550, 1551 [4th Dept 2011]). We therefore conclude, upon examining all of the relevant circumstances, that the court providently exercised its discretion in denying defendant's request for a downward departure (see People v Smith, 122 AD3d 1325, 1326 [4th Dept 2014]).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court