People v Phillips (2018 NY Slip Op 04909)





People v Phillips


2018 NY Slip Op 04909


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, DEJOSEPH, AND TROUTMAN, JJ.


836 KA 18-00096

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN SEELEY PHILLIPS, JR., DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (PATRICIA L. DZIUBA OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Jefferson County Court (Kim H. Martusewicz, J.), entered August 14, 2007. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that County Court erred in assessing points under risk factor 11 of the risk assessment instrument. Defendant's contention is not preserved for our review (see People v Saraceni, 153 AD3d 1561, 1561 [4th Dept 2017], lv denied 30 NY3d 1119 [2018]). In any event, we conclude that the court properly assessed 15 points under risk factor 11 for a history of drug or alcohol abuse inasmuch as " [t]he SORA guidelines justify the addition of 15 points under risk factor 11 if an offender has a substance abuse history or was abusing drugs [and/or] alcohol at the time of the offense' " (People v Kunz, 150 AD3d 1696, 1697 [4th Dept 2017], lv denied 29 NY3d 916 [2017]).
Defendant also failed to preserve for our review his contention that he was entitled to a downward departure (see People v Puff, 151 AD3d 1965, 1966 [4th Dept 2017], lv denied 30 NY3d 904 [2017]). In any event, we conclude that " defendant failed to establish his entitlement to a downward departure from his presumptive risk level inasmuch as he failed to establish the existence of a mitigating factor by the requisite preponderance of the evidence' " (id.).
Finally, we reject defendant's contention that he was denied the right to effective assistance of counsel (see People v Allport, 145
AD3d 1545, 1545-1546 [4th Dept 2016]).
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court