People v Austin (2019 NY Slip Op 03182)





People v Austin


2019 NY Slip Op 03182


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


361 KA 17-00750

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DERRELL AUSTIN, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. KULESUS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Erie County Court (Sheila A. DiTullio, J.), entered March 16, 2017. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). Defendant failed to preserve for our review his contention that he was entitled to a downward departure to a level one risk (see People v Nilsen, 148 AD3d 1688, 1689 [4th Dept 2017], lv denied 29 NY3d 912 [2017]; People v Brockington, 94 AD3d 1433, 1434 [4th Dept 2012], lv denied 19 NY3d 809 [2012]). In any event, we conclude that "defendant failed to establish his entitlement to a downward departure from his presumptive risk level inasmuch as he failed to establish the existence of a mitigating factor by the requisite preponderance of the evidence" (People v Phillips, 162 AD3d 1752, 1753 [4th Dept 2018], lv denied 32 NY3d 908 [2018] [internal quotation marks omitted]; see People v Puff, 151 AD3d 1965, 1966 [4th Dept 2017], lv denied 30 NY3d 904 [2017]; Nilsen, 148 AD3d at 1689).
Defendant also failed to preserve for our review his contention that County Court erred in assessing 10 points under risk factor 8 (see People v Kyle, 64 AD3d 1177, 1178 [4th Dept 2009], lv denied 13 NY3d 709 [2009]). In any event, that contention lacks merit. Correction Law § 168-a provides that kidnapping offenses committed against minors are registerable sex offenses, and the Court of Appeals has held that provision constitutional (see § 168-a [1], [2] [a] [i]; People v Knox, 12 NY3d 60, 68-69 [2009], cert denied 558 US 1011 [2009]). Contrary to defendant's contention, risk factor 8 takes into account a defendant's "age at the time of commission" of the relevant sex offense (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 13 [2006]; see People v Pietarniello, 53 AD3d 475, 476-477 [2d Dept 2008], lv denied 11 NY3d 707 [2008]).
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court