People v Cox (2020 NY Slip Op 01756)





People v Cox


2020 NY Slip Op 01756


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CURRAN, WINSLOW, AND BANNISTER, JJ.


187 KA 19-00889

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID G. COX, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (John L. DeMarco, J.), entered March 8, 2019. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk under the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). We reject defendant's contention that County Court's assessment of 15 points for a history of drug or alcohol abuse, which was based upon the recommendation in the risk assessment instrument prepared by the Board of Examiners of Sex Offenders, is not supported by the requisite clear and convincing evidence (see generally § 168-n [3]). Although defendant stated in his most recent presentence report that his alcohol use was "responsible" and that he did not use illegal drugs, he had previously admitted to a significant history of drug abuse (see People v St. Jean, 101 AD3d 1684, 1684 [4th Dept 2012]; People v Mundo, 98 AD3d 1292, 1293 [4th Dept 2012], lv denied 20 NY3d 855 [2013]; cf. People v Palmer, 20 NY3d 373, 378-379 [2013]). Additionally, the record establishes that defendant incurred a tier III drug use violation and was required to attend drug and alcohol treatment while incarcerated, thus further supporting the court's assessment of points for a history of drug or alcohol abuse (see People v Englant, 118 AD3d 1289, 1289-1290 [4th Dept 2014]; Mundo, 98 AD3d at 1293; People v Woodard, 63 AD3d 1655, 1656 [4th Dept 2009], lv denied 13 NY3d 706 [2009]).
We reject defendant's further contention that the court erred in assessing 15 points for inflicting physical injury on the victim. The SORA Risk Assessment Guidelines and Commentary (2006) (Guidelines) incorporates the definition of physical injury in Penal Law § 10.00 (9), i.e., "impairment of physical condition or substantial pain" (see Guidelines at 8). "Of course substantial pain' cannot be defined precisely, but it can be said that it is more than slight or trivial pain. Pain need not, however, be severe or intense to be substantial" (People v Chiddick, 8 NY3d 445, 447 [2007]). "Factors relevant to an assessment of substantial pain include the nature of the injury, viewed objectively, the victim's subjective description of the injury and his or her pain, whether the victim sought medical treatment, and the motive of the offender" (People v Haynes, 104 AD3d 1142, 1143 [4th Dept 2013], lv denied 22 NY3d 1156 [2014]). Here, the People submitted, inter alia, the victim's trial testimony, wherein she testified that she suffered pain sufficiently severe during the attack that it caused her to defecate involuntarily. The People also submitted the victim's medical records, which demonstrated that she suffered bruising all over her body and lacerations to her neck and that medical personnel were unable to complete a physical examination of the victim due to her pain. Further, the victim testified that defendant threatened to hurt or kill her throughout the attack and that he said he "wanted to hurt [her] and bruise [her] badly." We therefore conclude that the People established [*2]this risk factor by clear and convincing evidence (see People v Kruger, 88 AD3d 1169, 1170 [3d Dept 2011], lv denied 18 NY3d 806 [2012]; see generally Correction Law § 168-n [3]).
Finally, defendant's contention that a downward departure from his presumptive risk level was warranted is without merit inasmuch as he failed to prove, by a preponderance of the evidence, a "mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Guidelines at 4; see People v Byrd, 171 AD3d 1517, 1517 [4th Dept 2019], lv denied 33 NY3d 913 [2019]; People v Collette, 142 AD3d 1300, 1301 [4th Dept 2016], lv denied 28 NY3d 912 [2017]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court