People v Wilson (2020 NY Slip Op 04668)





People v Wilson


2020 NY Slip Op 04668


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, WINSLOW, AND BANNISTER, JJ.


379 KA 19-00864

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILBERT WILSON, JR., DEFENDANT-APPELLANT. 






ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (BRUCE A. ROSEKRANS OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Wayne County Court (Daniel G. Barrett, J.), entered March 6, 2019. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk under the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends, and the People correctly concede, that County Court erred in assessing five points against him under risk factor 9, for number and nature of prior crimes. The People failed to prove a prior crime by the requisite clear and convincing evidence (see Correction Law § 168-n [3]; People v Cook, 29 NY3d 121, 125 [2017]) inasmuch as the only evidence of a prior crime consists of "hearsay statements that are vague, inconsistent or equivocal, and otherwise unsubstantiated" (People v Stewart, 61 AD3d 1059, 1060 [3d Dept 2009]; see People v Gonzalez, 28 AD3d 1073, 1074 [4th Dept 2006]; see generally People v Mingo, 12 NY3d 563, 573 [2009]). Nevertheless, the correct total of 75 points would still yield a presumptive level two assessment.
Contrary to defendant's further contention, the court did not abuse its discretion in denying defendant's request for a downward departure from his presumptive risk level. We conclude that defendant "failed to establish by a preponderance of the evidence the existence of mitigating factors not adequately taken into account by the guidelines" (People v Lewis, 156 AD3d 1431, 1432 [4th Dept 2017], lv denied 31 NY3d 904 [2018]; see People v Gillotti, 23 NY3d 841, 861,
864 [2014]).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court