People v Whiten (2020 NY Slip Op 05649)





People v Whiten


2020 NY Slip Op 05649


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND DEJOSEPH, JJ.


695.2 KA 18-01273

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JARREL WHITEN, DEFENDANT-APPELLANT. 






M. BENJAMIN SUSMAN, AUBURN, FOR DEFENDANT-APPELLANT. 


 Appeal from an order of the Cayuga County Court (Mark H. Fandrich, A.J.), entered January 16, 2018. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk under the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.) after his conviction of strangulation in the second degree (Penal Law § 121.12) and rape in the third degree
(§ 130.25 [1]). We reject defendant's contention that County Court erred in assessing 15 points for inflicting physical injury on the victim. The SORA Risk Assessment Guidelines and Commentary (2006) (Guidelines) incorporates the Penal Law definition of physical injury in Penal Law § 10.00 (9), i.e., "impairment of physical condition or substantial pain" (see Guidelines at 8). "Of course 'substantial pain' cannot be defined precisely, but it can be said that it is more than slight or trivial pain. Pain need not, however, be severe or intense to be substantial" (People v Chiddick, 8 NY3d 445, 447 [2007]). "Factors relevant to an assessment of substantial pain include the nature of the injury, viewed objectively, the victim's subjective description of the injury and his or her pain, whether the victim sought medical treatment, and the motive of the offender" (People v Haynes, 104 AD3d 1142, 1143 [4th Dept 2013], lv denied 22 NY3d 1156 [2014]).
Here, the People submitted the victim's affidavit wherein she averred that defendant, during a violent confrontation leading up to the rape, wrapped his legs around her rib cage and repeatedly squeezed until she lost consciousness. Although the record does not establish that the victim sought medical care, the victim averred that she heard one of her ribs "pop" as defendant restricted her ability to breathe and that she experienced great pain before becoming unconscious (see People v Pohl, 160 AD3d 1453, 1453-1454 [4th Dept 2018], lv denied 32 NY3d 940 [2018]; People v Kraatz, 147 AD3d 1556, 1556-1557 [4th Dept 2017]). We thus conclude that the People established this risk factor by clear and convincing evidence (see People v Cox, 181 AD3d 1184, 1186 [4th Dept 2020], lv denied 35 NY3d 909 [2020]; see generally Correction Law § 168-n [3]).
Contrary to defendant's further contention, defense counsel was not ineffective in failing to request a downward departure from defendant's presumptive risk level inasmuch as such a request had " 'little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005]; see People v Allport, 145 AD3d 1545, 1545-1546 [4th Dept 2016]; People v Greenfield, 126 AD3d 1488, 1489 [4th Dept 2015], lv denied 26 NY3d 903 [2015]).
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court