People v Hackett (2021 NY Slip Op 05224)





People v Hackett


2021 NY Slip Op 05224


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, WINSLOW, AND BANNISTER, JJ.


765 KA 19-01961

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PATRICK M. HACKETT, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JOHN J. MORRISSEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Genesee County Court (Charles N. Zambito, J.), entered September 10, 2019. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). Defendant failed to preserve for our review his contention that he did not validly waive his right to contest the risk designation recommended by the Board of Examiners of Sex Offenders (see People v Akinpelu, 126 AD3d 1451, 1451-1452 [4th Dept 2015], lv denied 25 NY3d 912 [2015]; People v Kyle, 64 AD3d 1177, 1178 [4th Dept 2009], lv denied 13 NY3d 709 [2009]; People v Gliatta, 27 AD3d 441, 441 [2d Dept 2006]) and, in any event, that contention lacks merit.
Defendant further contends that the court erred in assessing points under risk factor 11 of the risk assessment instrument and in failing to grant a downward departure from defendant's presumptive risk level. Those contentions are not preserved for our review (see People v Phillips, 162 AD3d 1752, 1752-1753 [4th Dept 2018], lv denied 32 NY3d 908 [2018]; People v Puff, 151 AD3d 1965, 1966 [4th Dept 2017], lv denied 30 NY3d 904 [2017]), however, because at the SORA hearing defendant neither contested the points assessed under risk factor 11 nor requested a downward departure (see People v Saraceni, 153 AD3d 1561, 1561 [4th Dept 2017], lv denied 30 NY3d 1119 [2018]; Puff, 151 AD3d at 1966).
Finally, to the extent that it is reviewable on this appeal (see People v Eiss, 158 AD3d 905, 907 [3d Dept 2018], lv denied 31 NY3d 907 [2018]), we reject defendant's contention that he was denied effective assistance of counsel. Viewing the evidence, the law, and the circumstances of this particular case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]; People v Russell, 115 AD3d 1236, 1236 [4th Dept 2014]).
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court