People v Hicks (2022 NY Slip Op 01917)





People v Hicks


2022 NY Slip Op 01917


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.


197 KA 20-01368

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH HICKS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Michael L. Dollinger, J.), entered September 25, 2020. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends, and the People correctly concede, that County Court erred in assessing five points against him under risk factor 9 based on a misdemeanor marihuana conviction from Florida. The People failed to establish by "the requisite clear and convincing evidence" (People v Wilson, 186 AD3d 1066, 1067 [4th Dept 2020], lv denied 36 NY3d 902 [2020]) that the crime for which defendant was convicted in Florida is "tantamount to a crime under New York law" (People v Perez, 35 NY3d 85, 87 [2020], rearg denied 35 NY3d 986 [2020]; see generally People v Bean, 190 AD3d 622, 622 [1st Dept 2021], lv denied 36 NY3d 913 [2021]). Our deduction of five points from defendant's score on the risk assessment instrument does not affect his presumptive risk level, which remains at level one.
Defendant next contends that the court, in granting the People's request for an upward departure to risk level two, failed to consider all of the alleged mitigating factors that he cited at the SORA hearing. We reject that contention. Although the court noted two of defendant's proffered mitigating factors in its decision and did not expressly reference the third, it does not necessarily follow that the court failed to consider all three factors when it granted the People's request. We conclude that the court properly determined that the People established by clear and convincing evidence the existence of aggravating factors not adequately taken into account by the risk assessment guidelines, that the aggravating factors outweighed the mitigating factors, and that the totality of the circumstances warranted an upward departure to avoid an under-assessment of defendant's dangerousness and risk of sexual recidivism (see generally People v Gillotti, 23 NY3d 841, 861 [2014]).
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court