People v Root (2023 NY Slip Op 02427)

People v Root

2023 NY Slip Op 02427

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, OGDEN, AND GREENWOOD, JJ.

260 KA 22-00413

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRANDON ROOT, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (LEAH N. FARWELL OF COUNSEL), FOR DEFENDANT-APPELLANT. 

 Appeal from an order of the Cattaraugus County Court (Ronald D. Ploetz, J.), entered February 8, 2022. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). We affirm.
We reject defendant's contention that County Court erred in assessing 15 points for inflicting physical injury on the two victims. The SORA: Risk Assessment Guidelines and Commentary (2006) (Guidelines) incorporates the definition of physical injury in Penal Law § 10.00 (9), i.e., "impairment of physical condition or substantial pain" (see Guidelines at 8). "Of course 'substantial pain' cannot be defined precisely, but it can be said that it is more than slight or trivial pain. Pain need not, however, be severe or intense to be substantial" (People v Chiddick, 8 NY3d 445, 447 [2007]). "Factors relevant to an assessment of substantial pain include the nature of the injury, viewed objectively, the victim's subjective description of the injury and [their] pain, whether the victim sought medical treatment, and the motive of the offender" (People v Haynes, 104 AD3d 1142, 1143 [4th Dept 2013], lv denied 22 NY3d 1156 [2014]).
Here, the People submitted, inter alia, the first victim's grand jury testimony, and her medical records from after the incident, which established that defendant forcibly penetrated her vagina twice, grabbed her by the hair and head, and shook her head in an attempt to force her to perform oral sex on him. The second victim testified before the grand jury that defendant forcibly penetrated her twice vaginally and once anally. The victims' testimony, coupled with their statements to medical personnel at the hospital, provided clear and convincing evidence that the victims each suffered substantial pain (see People v Whiten, 187 AD3d 1661, 1661-1662 [4th Dept 2020]; People v Leach, 158 AD3d 1240, 1241 [4th Dept 2018], lv denied 31 NY3d 905 [2018]).
Defendant's contention that his counsel was ineffective based on a conflict of interest is unpreserved inasmuch as it is raised for the first time on appeal (see generally Matter of Mary R.F. [Angela I.], 144 AD3d 1493, 1494 [4th Dept 2016], lv denied 28 NY3d 915 [2017]). Furthermore, we reject defendant's contention that he was denied effective assistance of counsel based on his counsel's performance at the SORA hearing. " '[A] sex offender facing risk level classification under SORA has a right to . . . effective assistance of counsel' " (People v Stack, 195 AD3d 1559, 1560 [4th Dept 2021], lv denied 37 NY3d 915 [2021]; see People v Morancis, 201 AD3d 751, 751 [2d Dept 2022]). "To prevail on a claim of ineffective assistance, defendants must demonstrate that they were deprived of a fair trial by less than meaningful [*2]representation" (People v Flores, 84 NY2d 184, 187 [1994]). Here, we conclude that, "viewing the evidence, the law and the circumstances of this case in totality and as of the time of [the] representation, defendant received effective assistance of counsel" (People v Russell, 115 AD3d 1236, 1236 [4th Dept 2014]; see People v Hackett, 198 AD3d 1323, 1324 [4th Dept 2021], lv denied 37 NY3d 919 [2022]; see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court