People v Motell (2023 NY Slip Op 06685)

People v Motell

2023 NY Slip Op 06685

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, GREENWOOD, AND DELCONTE, JJ.

1002 KA 23-01039

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN J. MOTELL, IV, DEFENDANT-APPELLANT. 

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Oswego County Court (Spencer J. Ludington, A.J.), entered March 4, 2019. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk and a sexually violent offender under the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court erred in refusing to grant him a downward departure to a level one risk. That contention is not preserved for our review (see People v Hackett, 198 AD3d 1323, 1323 [4th Dept 2021], lv denied 37 NY3d 919 [2022]; People v Stack, 195 AD3d 1559, 1560 [4th Dept 2021], lv denied 37 NY3d 915 [2021]; People v Ortiz, 186 AD3d 1087, 1088 [4th Dept 2020], lv denied 36 NY3d 901 [2020]). In any event, defendant's contention lacks merit. Even assuming, arguendo, that he demonstrated the existence of an appropriate mitigating factor, we would nevertheless conclude, based upon the totality of the circumstances, that a downward departure is not warranted (see People v Burgess, 191 AD3d 1256, 1257 [4th Dept 2021]; People v Antonetti, 188 AD3d 1630, 1632 [4th Dept 2020], lv denied 36 NY3d 910 [2021]; see generally People v Gillotti, 23 NY3d 841, 861 [2014]).
In light of our determination, we reject defendant's further contention that he received ineffective assistance of counsel based on counsel's failure to request a downward departure (see People v Whiten, 187 AD3d 1661, 1662 [4th Dept 2020]; People v Greenfield, 126 AD3d 1488, 1489 [4th Dept 2015], lv denied 26 NY3d 903 [2015]; see generally People v Caban, 5 NY3d 143, 152 [2005]). Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see People v Clement, 209 AD3d 1300, 1300-1301 [4th Dept 2022]; Hackett, 198 AD3d at 1324; see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court