People v Balentine (2024 NY Slip Op 03286)

People v Balentine

2024 NY Slip Op 03286

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

384 KA 23-00871

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL A. BALENTINE, DEFENDANT-APPELLANT. 

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT.
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Wayne County Court (Daniel G. Barrett, J.), entered December 22, 2022. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). Defendant was presumptively a level two risk based on the risk assessment instrument, but County Court determined that he is a level three risk based on the presumptive override for a prior felony sex crime conviction. We affirm.
Defendant failed to preserve for our review his contentions that the court violated his due process rights by accepting his letter waiving his right to appear at the SORA hearing (see People v Poleun, 119 AD3d 1378, 1378-1379 [4th Dept 2014], affd 26 NY3d 973 [2015]; People v Turner, 188 AD3d 1746, 1746 [4th Dept 2020], lv denied 36 NY3d 910 [2021]), and by allegedly failing to provide his counsel with certain documents within the statutorily prescribed time period prior to the hearing (see Correction Law § 168-n [3]; People v Montanez, 88 AD3d 1278, 1279 [4th Dept 2011]).
We reject defendant's contention that the court erred in treating the presumptive override as mandatory. Here, the court noted in its written decision that defendant was a presumptive level three risk based on the override, and also noted that a court "may depart from [the presumptive risk level] if special circumstances warrant." The court further considered defendant's request for a downward departure and determined that such a departure was not warranted. Contrary to defendant's contention, the court applied the correct standard (see People v Pace, 121 AD3d 1315, 1316 [3d Dept 2014], lv denied 24 NY3d 914 [2015]; cf. People v Jones, 172 AD3d 1786, 1787-1788 [3d Dept 2019]; see generally People v Edmonds, 133 AD3d 1332, 1332-1333 [4th Dept 2015], lv denied 26 NY3d 918 [2016]). Defendant's contention that his prior out-of-state conviction did not qualify as a prior sex felony conviction for purposes of applying the override is unpreserved for our review (see People v Johnson, 32 Misc 3d 138[A], 2011 NY Slip Op 51548[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]).
Finally, we reject defendant's contention that he was denied effective assistance of counsel based on his counsel's performance at the SORA hearing. Although "[a] sex offender facing risk level classification under SORA has a right to . . . effective assistance of counsel" (People v Root, 216 AD3d 1435, 1436 [4th Dept 2023], lv denied 40 NY3d 904 [2023] [internal quotation marks omitted]; see People v Stack, 195 AD3d 1559, 1560 [4th Dept 2021], lv denied 37 NY3d 915 [2021]), we conclude that, "viewing the evidence, the law and the circumstances of this case in totality and as of the time of [the] representation, defendant received effective [*2]assistance of counsel" (People v Russell, 115 AD3d 1236, 1236 [4th Dept 2014]; see People v Hackett, 198 AD3d 1323, 1324 [4th Dept 2021], lv denied 37 NY3d 919 [2022]; see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court