People v Richmond (2025 NY Slip Op 02448)

People v Richmond

2025 NY Slip Op 02448

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, OGDEN, NOWAK, AND KEANE, JJ.

144 KA 23-01806

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT R. RICHMOND, DEFENDANT-APPELLANT. 

DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BRAEDAN M. GILLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
KEVIN T. FINNELL, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Genesee County Court (Melissa Lightcap Cianfrini, J.), entered August 18, 2023. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.).
Contrary to defendant's contention, County Court did not abuse its discretion in denying his request for a downward departure from his presumptive risk level (see People v Wilson, 186 AD3d 1066, 1067 [4th Dept 2020], lv denied 36 NY3d 902 [2020]). Although a defendant's response to treatment, " 'if exceptional' (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]), may constitute a mitigating factor to serve as the basis for a downward departure," we conclude that, here, defendant "failed to prove by a preponderance of the evidence that his response to treatment was exceptional" (People v Bernecky, 161 AD3d 1540, 1541 [4th Dept 2018], lv denied 32 NY3d 902 [2018]). Defendant otherwise "failed to establish by a preponderance of the evidence the existence of mitigating factors not adequately taken into account by the guidelines" (People v Lewis, 156 AD3d 1431, 1432 [4th Dept 2017], lv denied 31 NY3d 904 [2018]; see Wilson, 186 AD3d at 1067; People v Nilsen, 148 AD3d 1688, 1689 [4th Dept 2017], lv denied 29 NY3d 912 [2017]).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court