People v Wilson (2025 NY Slip Op 04822)

People v Wilson

2025 NY Slip Op 04822

Decided on August 28, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 28, 2025

CV-23-0680
[*1]The People of the State of New York, Respondent,
v
Michael T. Wilson, Appellant.

Calendar Date:August 14, 2025

Before:Lynch, J.P., Ceresia, Fisher, Powers and Mackey, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Lora J. Tryon of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Robert P. McCarty of counsel), for respondent.

Ceresia, J.
Appeal from an order of the County Court of Warren County (Robert Smith, J.), entered December 5, 2022, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2007, defendant pleaded guilty to rape in the first degree, satisfying a four-count indictment that also charged him with criminal sexual act in the first degree, burglary in the first degree and assault in the second degree, and was sentenced to a prison term of 18 years, to be followed by five years of postrelease supervision. The charges stemmed from defendant (then 16 years old) pushing out the window air conditioning unit and entering the apartment of a deaf, female neighbor late at night and raping and sodomizing her.
In 2022, in order to permit defendant to be released from prison on his scheduled release date, County Court issued a provisional order, entered upon consent of defendant, that temporarily designated defendant as a level three sexually violent offender until such time as a hearing could be scheduled and a final determination made regarding defendant's appropriate sex offender risk level classification. In preparation for that hearing, the Board of Examiners of Sex Offenders prepared a risk assessment instrument under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) that assigned a total of 85 points, placing defendant at a presumptive risk level two sex offender classification, with no recommendation for a departure therefrom. The People disagreed with the Board and prepared their own risk assessment instrument assessing defendant an additional 20 points under risk factor 6 (other victim characteristics), 10 points under risk factor 12 (acceptance of responsibility) and 10 points under risk factor 13 (conduct while confined/supervised), resulting in a total assessment of 125 points, which presumptively classified defendant as a risk level three sex offender. In the alternative, the People requested an upward departure to a risk level three classification.
At the ensuing hearing, defendant consented to the People's assessment of 20 points under risk factor 6 and successfully challenged the assessment of points under risk factors 9 and 12. Over defendant's objection, however, County Court determined that 10 points under risk factor 13 were properly assessed. Given the total risk factor score of 115 points, the court classified defendant as a risk level three sex offender, with a violent sex offender designation. The court also denied defendant's request for a downward departure. Defendant appeals.
With respect to risk factor 13, points may be assessed for unsatisfactory conduct while confined based upon, among other reasons, "numerous citations for disciplinary violations" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 16 [2006]; see People v Richard, 233 AD3d 1282, 1284 [3d Dept 2024]). Clear and convincing evidence supports the assessment of 10 points [*2]under risk factor 13 based upon defendant's receipt of six tier II disciplinary determinations and one tier III disciplinary determination for possessing a weapon (see People v Richard, 233 AD3d at 1284; People v Aldous, 231 AD3d 1243, 1244 [3d Dept 2024], lv denied 42 NY3d 913 [2025]; People v Odell, 197 AD3d 1364, 1365 [3d Dept 2021], lv denied 37 NY3d 918 [2022]). Although the tier III infraction occurred over four years prior to the SORA hearing, there is no requirement that the disciplinary infractions be disregarded due to remoteness in time (see People v Richard, 233 AD3d at 1284; People v Resto, 221 AD3d 415, 416 [1st Dept 2023], lv denied 41 NY3d 908 [2024]; People v Collins, 188 AD3d 1107, 1107-1108 [2d Dept 2020], lv denied 36 NY3d 912 [2021]; People v Graves, 121 AD3d 959, 959-960 [2d Dept 2014], lv denied 24 NY3d 912 [2014]).
As for defendant's request for a downward departure, the factors relied upon by defendant, including his educational achievements and successful participation in substance abuse and sex offender treatment programs, were adequately taken into account by the risk assessment guidelines (see People v Adams, 174 AD3d 828, 829-830 [2d Dept 2019], lv denied 34 NY3d 906 [2019]). To the extent that defendant challenges his designation as a sexually violent offender, his conviction of rape in the first degree requires such designation and, accordingly, it will not be disturbed (see Correction Law § 168-a [3] [a] [i]; People v Hernandez, 187 AD3d 1227, 1227-1128 [2d Dept 2020]). In view of the foregoing, the question of whether aggravating factors existed to warrant an upward departure is academic.
Lynch, J.P., Fisher, Powers and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.