People v Gill (2026 NY Slip Op 01236)

People v Gill

2026 NY Slip Op 01236

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
SUSAN QUIRK, JJ.

2025-09601

[*1]The People of the State of New York, respondent,
vCristian Gill, appellant.

Jeffrey D. Cohen, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill of counsel; Liam M. Brozen on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Ira H. Margulis, J.), dated July 28, 2025, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted in the Federal District Court for the Southern District of New York, upon his plea of guilty, of coercion and enticement (18 USC § 2422[a]). After a hearing conducted pursuant to the Sex Offender Registration Act (SORA) (Correction Law article 6-C), the defendant was designated a level two sex offender based on the assessment of a total of 80 points on the risk assessment instrument. The defendant appeals.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought" (People v Perez, 115 AD3d 919, 919; see Correction Law § 168-n[3]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]). Contrary to the defendant's contention, the Supreme Court properly applied the clear and convincing standard to the determination of his risk level.
The defendant's contention that he is entitled to a downward departure from the presumptive risk level based on purported mitigating circumstances is unpreserved for appellate review because the defendant failed to request a downward departure at the SORA hearing (see People v Valencia, 225 AD3d 637, 638; People v Jackson, 209 AD3d 881, 882), and we decline to exercise our interest of justice jurisdiction to reach the issue (see People v Desir, 224 AD3d 707).
Accordingly, we affirm the order.
IANNACCI, J.P., FORD, LANDICINO and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court